UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM BLAKE,<br>CDCR #T77278,<br><br>                              Plaintiff,<br><br>vs.<br><br>S. OROZCO,<br><br>                            Defendant. | Case No.: 3:23-cv-01831-CAB-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**<br><br>**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3)** |

Tom Blake ("Plaintiff" or "Blake"), currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. He alleges that while he was incarcerated at R.J.D., the Defendant violated his Eighth Amendment rights. *Id.* Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a), but instead filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

/ / /

/ / /

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 85 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 85.

---

[1] In civil actions except for applications for a writ of habeas corpus, civil litigants bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement and a prison certificate pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *See* ECF No. 6; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff had an available balance of $13.91 at the time of filing. *See* ECF No. 6 at 1–4. Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee because his trust account statement indicates he may have "no means to pay it," *Bruce*, 577 U.S. at 85, and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR") or his designee, to instead collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1) and forward them to the Clerk of the Court. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"). *Bruce*, 577 U.S. at 85; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)**

A.  <u>Standard of Review</u>

Because Plaintiff is a prisoner, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.  Plaintiff's Allegations

Plaintiff alleges that on August 11, 2023, he was exiting his cell to attend Wiccan services when Defendant Orozco maliciously and sadistically shut the cell door on

1  Plaintiff. Compl., ECF No. 1 at 3. The cell door hit Plaintiff in the head, giving him a
2  concussion and rendering him unconscious. *Id.* at 3–4. Plaintiff claims Orozco shut the cell
3  door on him because he had used profanity against her in the past. *Id.* at 4. He now suffers
4  from severe headaches, slurred speech, dizziness, and mental and emotional distress. *Id*. at
5  5.

C.   Discussion

"After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); (citation and some internal quotation marks omitted); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002). "[T]he core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 7 (1992); *Stewart v. Ayala*, No. 21-cv-9638 RGK (AS), 2023 WL 2993042, at *2 (C.D. Cal. March 8, 2023). "There is no legitimate need to use any force against an inmate who is neither violating prison rules nor reasonably believed to pose a security threat." *Stewart*, 2023 WL 2993042, at *2 (citing *Felix v. McCarthy*, 939 F.3d 699, 702 (9th Cir. 1991) (finding Plaintiff had stated an Eighth Amendment claim where he alleged the defendant closed his head in the cell door).

The Court finds Plaintiff's Complaint plausibly alleges an Eighth Amendment claim against Defendant Orozco, sufficient to meet the "low threshold" for proceeding past the *sua sponte* screening stage. *See Wilhelm*, 680 F.3d at 1123; *see also Graham v. Connor*, 490 U.S. 386, 394, 397 (1989) (stating an excessive force claim arising in the context of an arrest or investigatory stop is analyzed under the Fourth Amendment to determine whether the officers' actions were "objectively reasonable in light of the facts and circumstances confronting the officers"); *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1024 (9th Cir. 2015) ("[D]etermining whether force used in making an arrest [was] excessive calls for a fact-intensive inquiry requiring attention to all circumstances pertinent to the need for the force used.") Therefore, the Court will direct the U.S. Marshal to effect

service of summons and Plaintiff's Complaint. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").[2]

## IV.   Conclusion and Order

Based on the foregoing, the Court:

1) **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2) **ORDERS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3) **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, by U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4) **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and to forward it to Plaintiff along with a blank U.S. Marshal Form 285 for Defendant Orozco. In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Complaint, and the summons so that he may serve this Defendant. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each of the named Defendant may be found and/or*

---

[2] Plaintiff is cautioned that "the *sua sponte* screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

*subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return it to the United States Marshal according to the instructions the Clerk provides.

    5) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on the USM Form 285s provided, and to file executed waivers of personal service upon Defendant with the Clerk of Court as soon as possible after its return. Should Defendant fail to return the U.S. Marshal's request for waiver of personal service within 90 days, the U.S. Marshal shall instead file the completed Form USM 285 Process Receipt and Return with the Clerk of Court, include the date the summons, Complaint and request for waiver was mailed to the Defendant, and indicate why service upon the party remains unexecuted. All costs of that service will be advanced by the United States; however, *if a Defendant located within the United States fails, without good cause to sign and return the waiver requested by the Marshal on Plaintiff's behalf, the Court will impose upon Defendant any expenses later incurred in making personal service.* See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    6. **ORDERS** Defendant Orozco, once they have been served, to reply to Plaintiff's Complaint, *and any subsequent pleading they may file in this matter in which they are named as parties*, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (stating that while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its *sua sponte* screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and thus, has made a preliminary determination based on the face on the pleading that Plaintiff has a "reasonable opportunity to prevail on the merits," defendants are required to respond).

    7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendant, or if appearance has been entered by counsel, upon Defendants counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every

1 original document he seeks to file with the Clerk of the Court, a certificate stating the
2 manner in which a true and correct copy of that document was served on Defendants or his
3 counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2.

**IT IS SO ORDERED**.

Dated:  November 16, 2023

Hon. Cathy Ann Bencivengo
United States District Judge